Case 7:24-cv-00430   Document 28   Filed on 08/14/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
August 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RUBEN TEMKIN, ET. AL., <br>     Plaintiffs, <br><br> VS. <br><br> MATTHEW SHOEMAKER, ET. AL., <br>     Defendants. | § § § § § § § § | Civ. No. 7:24-cv-00430 |

**REPORT & RECOMMENDATION**

Pending before the Court is Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 16). Plaintiffs timely submitted a response opposing said motion to dismiss. (Dkt. No. 19). Defendants timely filed a Reply in Support of Defendants' Motion to Dismiss. (Dkt. No. 20).

This matter has been referred to the undersigned for disposition under 28 U.S.C. § 636. After careful review of the pleadings and applicable law, the undersigned recommends Defendants' Motion to Dismiss (Dkt. No. 16) be **GRANTED**. Therefore, it is recommended that this case should be **DISMISSED** with prejudice.

**I. BACKGROUND**

Plaintiffs, Ruben Temkin, Valley Bonded Warehouse LLC., D/B/A Rio Duty Free, Rocio Salcido, and Adriana Quintero Saavedra initiated this suit by filing a Complaint against U.S. Department of Homeland Security Investigations ("HSI") Special Agent Matthew Shoemaker and John Does (unidentified HSI Special Agents) alleging violations of Plaintiffs constitutional rights under *Bivens*. (Dkt. No. 1). On February 24, 2025, Plaintiffs filed their First Amended Complaint. (Dkt. No. 13). Plaintiffs allege they suffered constitutional harms at the hands of HSI Special

1

Agents through a series of searches and related events. (Dkt. No. 13). Plaintiffs allege Defendants engaged in: (1) malicious prosecution under the Fourth Amendment, (2) racial animus in violation of Equal Protection under the Fifth Amendment, (3) unlawful search and seizure under the Fourth Amendment, and (4) Sixth Amendment right to counsel violations. (Dkt. No. 13 at 29-33).

Plaintiff Temkin owns and operates a bonded warehouse and various Duty-Free stores in the Rio Grande Valley area. (Dkt. No. 13 at 1). On March 6 and June 6, 2024, Plaintiff's stores and warehouse were searched by HSI agents and various merchandise (cigarettes) was seized pursuant to relevant warrants. *Id.* at 3. Plaintiffs allege that during these searches, S/A Shoemaker and others violated Plaintiffs' constitutional rights by searching the premises and unlawfully seizing items. *Id.* at 2-3. Plaintiffs allege that during the March 6, 2024, search of the warehouse and two duty free stores, Defendants illegally seized and copied all computers and documents by forcing an employee to provide the passwords to the computers. *Id.* at 7. Further, Defendants detained all employees for hours and coerced them into providing statements and turning over their phones to the agents. *Id.* at 12-13. At this time Plaintiff Quintero was about six months pregnant and alleges the agent's actions scared her. *Id.* at 22. During the June 6, 2024, raid, Plaintiffs allege Defendants once more illegally seized computers, hard drives, and documents. *Id.* at 9. Employees were once more held in a conference room for hours and not allowed to leave. *Id.* at 16. Now, Plaintiff Quintero was about eight months pregnant, and she alleges the raid frightened her and caused her to have "a seizure from hyperventilating", which eventually led to a premature birth of her child. *Id.* at 22. As a result of these raids, Plaintiffs had to suspend business. *Id.* at 16.

Plaintiffs further allege that Defendants illegally seized cigarettes held within Plaintiff's bonded warehouse between the two raids on April 16-18 and May 8, 2024, causing monetary loss. *Id.* at 8.

Thus, Plaintiffs argue they have been subjected to malicious prosecution, false arrest, and unlawful search and seizure in violation of the Fourth Amendment, racial and ethnic discrimination in violation of the Fifth Amendment due to Plaintiff Temkin's "Mexican-Jewish origin", violation of Plaintiff's Sixth Amendment right to counsel, and a "catch-all" claim, all being brought under *Bivens*. *Id.* at 29-33.

Defendants filed a motion to dismiss the complaint arguing Plaintiffs claims present new contexts under *Bivens* and therefore are not permitted to proceed. (Dkt. No. 16 at 2). Further, if any claims were allowed under *Bivens*, qualified immunity would shield the federal agents from suit because Defendants did not violate any clearly established right. *Id.* at 9. In response, Plaintiffs argue their claims fall squarely within the Fourth Amendment gambit protected by *Bivens* and does not present a new context. (Dkt. No. 19 at 4-6). Further, Plaintiffs argue the agents are not entitled to qualified immunity. *Id.* at 11. Defendant filed a reply arguing Plaintiff only addressed the unreasonable search and seizure Fourth Amendment argument and thus waived the remaining claims. (Dkt. No. 20 at 1-2). Further, Defendant notes Plaintiff solely relies on out of circuit case law and that the Fifth Circuit approaches differently the "new context" analysis. *Id.* at 3.

## II.   LEGAL STANDARD

Courts should dismiss a complaint as a matter of law when the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint fails to state a claim upon which relief may be granted when the plaintiff fails to allege enough facts that make the claim plausible on its

3

face and fails to raise the right to relief beyond a speculative level. *Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court "accept[s] well-pleaded facts as true" and "views them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2013) (quotation and citation omitted). To suffice, the facts pled must state a facially plausible claim for relief. *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Walker*, 938 F.3d at 735 (quoting *Iqbal*, 566 U.S. at 678). Although well-pleaded facts are accepted as true, the Court does not need to accept as true any conclusory allegations, unwarranted factual inferences, or legal conclusions. *Whatley v. Coffin*, 496 F. App'x 414, 415 (5th Cir. 2012) (citations omitted). Naked assertions alone are not enough. *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

"In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), [the Supreme] Court recognized an implied cause of action for damages against federal officers for certain alleged violations of the Fourth Amendment. The Court subsequently recognized two additional contexts where implied *Bivens* actions were permitted[.]" *Goldey v. Fields*, 606 U.S. 942 (2025). Now, *Bivens* claims are generally limited to three specific circumstances: (1) a plaintiff who is "manacled" in front of his family and then strip searched in violation of the Fourth Amendment; (2) a staff person suffering sex discrimination by a congressman in violation of the Fifth Amendment; and (3) an asthmatic prisoner in federal custody not receiving medical attention in violation of the Eighth Amendment. *See Bivens*, 402 U.S. 389-90; *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). Since then, the Supreme Court has emphasized that 'recognizing a cause of action under *Bivens* is 'a

disfavored judicial activity.'" *Egbert v. Boule*, 596 U.S. 482, 491 (2022). Thus, courts must follow a two-step framework to determine whether a *Bivens* claim may proceed. *Goldey*, 606 U.S. at 944.

First, the Court must ask whether the case presents "a new *Bivens* context" outside the three recognized *Bivens* causes of actions. *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017). At this step, courts must ask whether there is a meaningful difference between the current case and previous *Bivens* cases. *Id.* at 139-40. Some factors to consider include: the rank of the officers involved, the constitutional issue in question, the scope of the official action, the availability of judicial guidance on the issue, the statutory or legal authority under the official action was conducted, separation of powers concerns, and any other factors not previously considered. *Id.* at 139-40. Usually, any case that does not fall within the three recognized *Bivens* actions presents a new *Bivens* context. *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) ("[v]irtually everything else is a 'new context.'").

Second, the Court must ask whether there are any "special factors" that counsel against recognizing a new *Bivens* cause of action and courts should "weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 596 U.S. at 492. "[I]n all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Id.* at 486. Although the *Bivens* analysis proceeds through a two-step framework, "those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* at 492. Notably, the Supreme Court has consistently declined to extend *Bivens* for the past 45 years. *Goldey*, 606 U.S. at 945.

Generally, Plaintiffs allege Defendants engaged in: (1) malicious prosecution under the Fourth Amendment, (2) racial animus in violation of Equal Protection under the Fifth Amendment against Plaintiff Temkin due to his "Mexican-Jewish origin", (3) unlawful search and seizure under

5

the Fourth Amendment, and (4) Sixth Amendment right to counsel violations. (Dkt. No. 13 at 29-33).

### A. Fourth Amendment Malicious Prosecution Claim

Plaintiffs allege Defendants violated their "right to be free from malicious prosecution under the Fourth Amendment" because Defendant Shoemaker acted without probable cause and "with improper motives and purposes." (Dkt. No. 13 at 29). Defendants argue this claim should be dismissed because the Fifth Circuit has already ruled *Bivens* does not provide a vehicle for malicious prosecution claims. (Dkt. No. 16 at 4). The Court agrees. In *Cantu v. Moody*, the Fifth Circuit held that a claim of malicious prosecution presented a "new context" and various special factors counseled against recognizing a new *Bivens* action. 933 F.3d 414, 423 (5th Cir. 2019). The same is true here. Namely, there is already "a statutory scheme for torts committed by federal officers." *Id.* at 423 (citing 28 U.S.C. § 2680(h); *Abbasi*, 582 U.S. at 137). The existence of a remedial structure "alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Abbasi*, 582 U.S. at 137. This case does not present the unusual circumstances required for the Court to step in and do Congress' job. *Egbert*, 596 U.S. at 486.

### B. Racial Animus Fifth Amendment Equal Protection Claim

Plaintiff Temkin argues Defendant Shoemaker initiated the investigation against him and his businesses based on racial and ethnic considerations due to Temkin's "Mexican-Jewish origin." (Dkt. No. 13 at 30). In support, Plaintiff points to Defendants comments during the raid such as "Do not tell me you do not know Mexico!" *Id.* Defendant argues this claim should be dismissed because it presents a new context under *Bivens*. (Dkt. No. 16 at 5).

Plaintiff's racial animus claim as alleged does not fall within any of the three recognized

*Bivens* contexts. Although this claim is brought under the Fifth Amendment, such as in *Davis*, the claims are materially different. *Davis* focused on sex-based discrimination, while Plaintiff alleges racial animus. *See Davis*, 442 U.S. at 230. Next, special factors counsel hesitation in extending *Bivens* to this new context. "[T]he only relevant threshold—that a factor 'counsels hesitation'— is remarkably low." *Hernandez v. Meza.* 885 F.3d 811, 822 (5th Cir. 2018). In *Belfrey-Farley v. Palmer*, the District Court determined special factors counseled hesitation in extending *Bivens* when a plaintiff argued her home was searched due to racial animus. No. 3:19-cv-1305-S-BT, 2021 WL 2814885, at *7 (N.D. Tex. May 7, 2021), *report and recommendation adopted*, 2021 WL 2808826 (N.D. Tex. July 6, 2021). The court noted Congress' failure to create a statutory cause of action in this context was sufficient to counsel hesitation in extending *Bivens* because the legislative branch "is in the best position to 'consider and weigh the costs and benefits of allowing a damages action to proceed' and to determine 'if the public interest would be served by imposing a new substantive legal liability." *Id.* (cleaned up) (citations omitted). The same is true here, especially considering the racial animus allegation is speculative at best.

### C. Fourth Amendment Unlawful Search and Seizure Claims

Plaintiff argues Defendants violated the Fourth Amendment by unlawfully searching and seizing Plaintiffs businesses, certain merchandise, and belongings. (Dkt. No. 13 at 30-32). Although Defendants had search warrants, Plaintiff Temkin argues the warrants were based on misinformation to the magistrate judges or contained stale information, turning Defendants actions into a warrantless search. *Id.* Defendant argues all Fourth Amendment claims should be dismissed because they present new contexts and *Bivens* should not be extended. (Dkt. No. 16 at 5-7).

Plaintiffs claim present a new context under *Bivens*. Although Plaintiffs claim arises out of the Fourth Amendment, "Courts do not define a *Bivens* cause of action at the level of 'the Fourth

7

Amendment' or even at the level of 'the unreasonable-searches-and-seizures clause.'" *Cantu*, 933 F.3d at 422. Here, the conduct in question involves different agents, and different conduct than in *Bivens*. In *Bivens*, the agents had no warrant. Here, Defendants secured a warrant for the premises, and a neutral and detached magistrate judge determined probable cause was established. Thus, this claim necessarily presents a new context.

Plaintiff argues Fourth and Seventh Circuit cases provide support to the argument that this case does not present a new context and falls squarely within *Bivens* because the agents involved are line level federal officers violating the Fourth Amendment. (Dkt. No. 19 at 4) (citing *Snowden v. Henning*, 72 F.4th 237 (7th Cir. 2023); *Hicks v. Ferreyra*, 64 F.4th 156 (4th Cir. 2023)). These cares are unpersuasive because the factual circumstances differ from the present case and because the Fifth Circuit has made clear its "understanding of a 'new context' is broad." *Hernandez v. Causey*, 124 F.4th 325, 332 (5th Cir. 2024) (citing *Hernandez v. Meza*, 589 U.S. 93, 102 (2020)). *Bivens* actions have been narrowly defined, and outside those narrow definitions, anything else will present a new context. *Id.* at 333. In *Hernandez v. Causey*, the Fifth Circuit found a new context when a plaintiff was alleging Fourth Amendment violations. *Id.* In doing so, the court noted *Bivens* involved Federal Bureau of Narcotics agents, which fell under the Department of Treasury, and Hernandez dealt with ICE agents, which fall under the Department of Homeland Security; thus, presenting a "new category of defendants." *Id.* The same is true here, Plaintiff Temkin and his businesses were searched by HSI agents, a new category of defendants, which the Fifth Circuit finds sufficient to establish a new context. Further, *Bivens* was searched without a warrant, and Plaintiffs were searched pursuant to warrants. In the Fifth Circuit, these distinctions are meaningful. As the Fifth Circuit noted,

> We explained in *Cantu* that just as "[n]o one thinks *Davis*…means the entirety of the Fifth Amendment's Due Process Clause is fair game in a *Bivens* action," even

8

> a violation of the same clause of the same amendment does not authorize a *Bivens* action if the factual circumstances are different. [*Cantu*, 933 F.3d at 422]. We have held that a claim where a Department of Homeland Security Officer drew a gun and threatened the plaintiff, *Byrd v. Lamb*, 990 F.3d 879, 880 (5th Cir. 2021), and a claim where Veterans Affairs police put the plaintiff in a chokehold, *Oliva*, 973 F.3d at 440, presented new contexts under *Bivens*. In both cases, we declined to extend *Bivens to encompass these Fourth Amendment excessive force claims.*

*Hernandez*, 124 F.4th at 334 (emphasis added). Thus, the factual circumstances of the search of Plaintiff's businesses differ from *Bivens* and present a new context.

Special factors warrant counseling hesitation in expanding *Bivens*. As mentioned, expanding *Bivens* is a disfavored judicial activity because Congress will almost always be better situated than the courts to legislate new causes of action. *Egbert*, 596 U.S. at 491. Further, the underlying federal law enforcement activity was an investigation into international trade and regulatory requirements focusing on trade of prohibited cigarettes. This necessarily involves different considerations than the *Bivens* case did. In E*gbert,* the Court noted "[m]atters intimately related to foreign policy and national security are rarely subjects for judicial intervention." 597 U.S. at 494. Although *Egbert* dealt with border patrol agents following their enforcement directive, this case similarly raises those foreign policy concerns as the HSI agents in question were investigating international trade infractions. The Fifth Circuit has also noticed the existence of internal grievance procedures against federal agents can show an alternative remedy exists. *Hernandez*, 124 F.4th at 334. The Department of Homeland Security is required to investigate violations of the standards of enforcement activity, and Plaintiff can pursue this course to redress his grievances. *Id.* "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Egbert*, 596 U.S. at 498. Thus, special factors exist that cause the Court to hesitate in expanding *Bivens*.

9

### D. Sixth Amendment Right to Counsel Claim

Plaintiff alleges that the "seizure of the computers and hard disks on June 6, 2024, constituted a violation of Plaintiffs' Sixth Amendment right to counsel" because said seizure gave Defendants "access to all communications between Plaintiffs and their various counsel." (Dkt. No. 13 at 33). Defendant argues this claim presents a new context under *Bivens* and notes neither the Supreme Court nor the Fifth Circuit have recognized a Sixth Amendment right to counsel under *Bivens*. (Dkt. No. 16 at 8). Plaintiff does not respond in defense of this claim. *See* (Dkt. No. 19). Defendant is correct. *See Joyner v. Del Rio Border Control Station*, No. DR-22-CV-0013-AM, 2023 WL 6393891, at *6 (W.D. Tex. Oct. 2, 2023).

This claim presents a new context under *Bivens*, since a different constitutional right is involved, it does not fall within any of the three existing *Bivens* contexts. Further special factors warrant not expanding *Bivens* in this case: there is an alternative remedial structure for Sixth Amendment violations. The Sixth Amendment right to counsel is guaranteed in the criminal context only, and when such violations occur, the criminal judicial process is meant to address said issues. *Joyner*, 2023 WL 6393891 at *6. It is also evident this would not be a proper Sixth Amendment challenge anyway as there are no facts that plausibly allege a denial of counsel. Plaintiff may be alleging a violation of attorney-client privilege, but not a denial of access to counsel. Under such circumstances, engaging in the disfavored judicial activity of finding implied causes of action through *Bivens* is not warranted and would be unnecessary.

### E. Qualified Immunity

Because none of Plaintiffs claims are cognizable under *Bivens*, there is no need to engage in the qualified immunity analysis or the waiver issue raised by Defendants. *See* (Dkt. Nos. 16, 20). *See Byrd v. Lamb,* 990 F.3d 879, 882 (5th Cir. 2021) (holding that since *Bivens* claim was

not extended there was no need to review issue of qualified immunity).

## IV. CONCLUSION

### *Recommended Disposition*

After careful review of the record and relevant law, the undersigned concludes that Plaintiffs' claims are not cognizable under *Bivens*. Therefore, the undersigned recommends that Defendants' Motion to Dismiss (Dkt. No. 16) be **GRANTED**. It is further recommended that this matter be **DISMISSED with prejudice**, and said case be **CLOSED**.

### *Notice to the Parties*

The Clerk shall send copies of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings or legal conclusions accepted or adopted by the District Court, except on grounds of plain error. *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The Clerk shall provide copies of this order to counsel for each party.

**DONE** at McAllen, Texas, on 14th day of August 2025.

Juan F. Alanis
United States Magistrate Judge